**FOWLER et al. v. UNITED STATES.**

(Circuit Court of Appeals, Fifth Circuit. January 11, 1927.)

No. 4826.

Internal revenue ☞7(26)—Method of computing surtax on profit from sale of oil wells approved (Revenue Act 1918, § 211, subd. [b], being Comp. St. § 6336⅛ee).

Under Revenue Act 1918, § 211, subd. (b), being Comp. St. § 6336⅛ee, providing that, in case of sale of mines, or oil or gas wells, on which the taxpayer had done development work, the portion of surtax attributable to such sale shall not exceed 20 per. cent. of the sale price, the method of the department approved, by which the surtax is computed on the total income of the taxpayer, from which is deducted the difference between 20 per cent. of the sale price and the portion of the surtax attributed to the profit from the sale.

In Error to the District Court of the United States for the Northern District of Texas; William H. Atwell, Judge.

Actions at law by Mrs. Darlie Fowler and another against the United States. Judgment for the United States, and plaintiffs bring error. Affirmed.

For opinion below, see 11 F.(2d) 895.

Harry C. Weeks, of Wichita Falls, Tex. (Weeks, Morrow, Francis & Hankerson, of Wichita Falls, Tex., on the brief), for plaintiffs in error.

Henry Zweifel, U. S. Atty., and N. A. Dodge, Asst. U. S. Atty., both of Fort Worth, Tex. (A. W. Gregg and Frank J. Ready, Jr., both of Washington, D. C., on the brief), for the United States.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

FOSTER, Circuit Judge. Plaintiffs in error, hereafter referred to as plaintiffs, brought separate suits to recover over payments of income taxes assessed under the Revenue Act of 1918 (40 Stat. 1057 et seq.) alleged to be $6,984.76 in each case. The suits were consolidated and the trial resulted in a judgment rejecting plaintiffs' demands.

There is no dispute as to the facts. The plaintiffs are husband and wife and citizens of Texas, and so divided their total income as community property and filed separate returns. Each had a net income for the year 1918 of $87,934.01. Of this $41,572.90 was profit from the sale of certain oil property, which had originally cost the community $500, and the value of which had been increased by exploration and development.

Section 211 of the Revenue Act of 1918 (Comp. St. § 6336⅛ee) imposes surtaxes on incomes of over $5,000, graduated from 1 to 65 per cent., according to the amount of income, in addition to the normal taxes, and concludes with this provision:

"(b) In the case of a bona fide sale of mines, oil or gas wells, or any interest therein, where the principal value of the property has been demonstrated by prospecting or exploration and discovery work done by the taxpayer, the portion of the tax imposed by this section attributable to such sale shall not exceed 20 per cent. of the selling price of such property or interest."

In conformity with Treasury Regulation 45, article 13, in computing the taxes due by plaintiffs, the Bureau of Internal Revenue assessed a surtax of $8,451.62 against each of plaintiffs, based on their total net income, including profits from the oil property  The

bureau then computed 20 per cent. of the selling price of the oil property, and deducted the difference between that and the proportion of the surtax attributable to the profit derived from the sale. According to the schedule provided by section 211, the percentage of surtaxes imposed on the total net income amounted to a little over 20½ per cent., so that in granting a reduction based on the proviso above quoted the difference was only $260.80.

It is the contention of plaintiffs, as shown by their pleadings, that the surtax should have been calculated on the amount of their net income excluding the profit from the oil lands and that then 20 per cent. should have been calculated on the selling price of the oil lands these two amounts to make up the total surtaxes to be imposed. The District Court in a very full and well-considered opinion (11 F. [2d] 895) held against this contention. As we concur in the conclusions reached by the District Court, but little need be said in affirming the judgment.

We deem the provisions of the statute too plain to require either interpretation or construction. The method of calculation adopted by the Treasury Department is simple and reasonable, and fully conforms to both the spirit and letter of the law. That it results in very little saving to the taxpayer in this case is merely incidental.

The judgment of the District Court was right.

Affirmed.